UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                                 :

G & G CLOSED CIRCUIT EVENTS, LLC,      :

                                                              Plaintiff, :    **ORDER AND OPINION**
                                                                              **ADOPTING MAGISTRATE'S**
         -against-                               :    **REPORT AND**
                                                                              **RECOMMENDATION AND**
DELVIS BATISTA et al.,                        :    **GRANTING MOTION FOR**
                                                                              **DEFAULT JUDGMENT**
                                                        Defendants. :
                                                                            :    21 Civ. 7352 (AKH)
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On September 1, 2021, Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") commenced this action against Defendants Delvis Batista, individually and d/b/a Bar 180 ("Batista"), and Hudson Heights Bar & Grill Corp. d/b/a Bar 180 ("Bar 180"), (collectively "Defendants"), seeking relief under Sections 553 and 605 of the Federal Communications Act of 1934 ("FCA"), 47 U.S.C. § 605 *et seq.*, in connection with Defendants' alleged unlawful broadcast of a boxing match (the "Program") to which Plaintiff retained exclusive nationwide commercial distribution rights. (Compl. (ECF No. 1) ¶¶ 14, 19, 28). Plaintiff sought statutory damages in the amount of $10,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); statutory damages in the amount of $100,000 for willful violation, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and, costs and attorneys' fees, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). (Compl. ¶ 37). Defendants have not appeared in this action and have failed to answer or otherwise respond to the Complaint. On January 6, 2022, the Clerk of Court entered default against Batista and Bar 180. (ECF Nos. 15–16). On January 21, 2022, Plaintiff moved pursuant to Federal Rule of Civil Procedure 55 for default judgment against both Defendants, (ECF No. 20), seeking $2,625.00 in statutory damages; $7875.00 in enhanced damages for a willful

violation; and that these damages be awarded against Batista and Bar 180, jointly and severally. Plaintiff also sought an award of attorneys' fees in the amount of $1920.50; costs in the amount of $1,486.20; an award of prejudgment interest; and postjudgment interest at the federal statutory rate prescribed in 28 U.S.C. § 1961(a) from the date judgment is entered.

On February 15, 2022, Plaintiff's motion was referred to United States Magistrate Judge Stewart D. Aaron for a Report and Recommendation ("R&R").[1] (ECF No. 26). Judge Aaron entered an order requiring Defendants to file any response to Plaintiff's motion no later than March 21, 2022 (ECF No. 29); Defendants failed to respond.

On May 3, 2022, Judge Aaron issued an R&R in which he recommended that Plaintiff's motion for default judgment be granted in part and denied in part,[2] and that its motion for attorneys' fees and costs be granted and denied in part, as follows:

(i) Plaintiff should be awarded $2,625.00 in statutory damages, pursuant to Section 605(e)(3)(C)(i)(II), against Batista and Bar 180, jointly and severally;
(ii) Plaintiff should be awarded $7,875.00 in enhanced damages, pursuant to Section 605(e)(3)(C)(ii), against Batista and Bar 180, jointly and severally;
(iii) Plaintiff should be awarded costs in the amount of $836.20, pursuant to Section 605(e)(3)(B)(iii), against Batista and Bar 180, jointly and severally; and
(iv) Plaintiff should be awarded post-judgment interest, pursuant to 28 U.S.C. § 1961(a).

*See* R&R, at 21. Judge Aaron recommended denying Plaintiff's motion for attorneys' fees based on Plaintiff's failure to submit contemporaneous records or proof of any in-person appearances compensable under *Scott v. City of New York*, 643 F.3d 56, 58–59 (2d Cir. 2011). *See id.* at 18. Judge Aaron also recommended denying Plaintiff's request for prejudgment interest because he

---

[1] This case was originally assigned to Judge Alison Nathan but was reassigned to this Court on April 6, 2022, after Judge Nathan was elevated to the Court of Appeals for the Second Circuit.
[2] Although Plaintiff asserted claims under Sections 553 and 605 of the FCA, it only sought damages under Section 605. Accordingly, Judge Aaron considered only whether Plaintiff's allegations established Defendants' liability under Section 605. *See* R&R, at 9.

2

calculated the recommended damages with the intention of making Plaintiff whole, obviating the need for prejudgment interest to serve that purpose. *See id.* at 20.

No party has objected to the R&R, and the time to do so has passed. *See* Fed. R. Civ. P. 72(b)(2) (requiring specific written objections to an R&R to be served and filed within 14 days after being served with a copy of the recommended disposition); *see also* ECF No. 37 (requiring written objections to the R&R be filed by May, 17, 2022). Accordingly, I review the R&R for clear error. *See Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."); *Porter v. Potter*, 219 Fed. App'x 112, 113 (2d Cir. 2007) (summary order) ("Failure to object timely to a magistrate's report operates as a waiver of any further review of the magistrate's decision."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (noting that Congress provided for a "clearly erroneous or contrary to law" standard where parties fail to object).

I have reviewed both the record and the R&R, and finding no clear error, adopt the R&R (ECF No. 26). As Judge Aaron held, Plaintiff is awarded $10,000 in damages, consisting of $2625.00 in statutory damages and $7875.00 in enhanced damages; $836.20 in costs; and postjudgment interest at the rate prescribed in 18 U.S.C. § 1961(a). All damages shall be awarded against Batista and Bar 180, jointly and severally. Plaintiff's requests for prejudgment interest and attorneys' fees are denied. The Clerk of Court shall enter judgment and close the case.

SO ORDERED.

Dated: May 18, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3